IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael A. Bell,<br><br>    Plaintiff,<br><br>vs.<br><br>David D. Ortiz, Assistant Warden;<br>Dean Thompson, Correctional<br>Food Manger II; and Sam Smith,<br>Supervising Cook II.,<br><br>    Defendants. | No. CV 1-06-492-FRZ<br><br>**ORDER**<br><br>**AMENDED SCHEDULING ORDER**<br><br>**Discovery Deadline:**     **October 25, 2013**<br>**Dispositive Motion Deadline:**  **November 25, 2013** |

    Pending before the Court in this action, proceeding against remaining Defendants Correctional Food Manager II Dean Thompson, Supervising Cook II Sam Smith, and Associate Warden David Ortiz, is Defendants' Motion to Compel and Motion for Sanctions Pursuant to FRCP 37" in which Defendants request the Court impose dismissal sanctions pursuant to Rules 37(d)(1)(A) and 37(b)(2)(A)(v), Fed.R.Civ.P., based on Plaintiff's failure to attend his properly noticed deposition and to keep the Court and opposing counsel apprised of his address. In the alternative, Defendants request that Plaintiff be ordered to appear for his deposition and that the Court amend the scheduling order accordingly to accommodate Defendants' anticipated motion for summary judgment.

    Plaintiff filed a motion for a 30-day extension of time to file a response to Defendants' motion (Doc. 30) and his opposition to the motion, captioned and docketed as a motion to deny and further requesting the appointment of counsel. (Doc. 31).

Also pending is Plaintiff's 26-page "Ex-Parte Motion for Appointment of Counsel, Declaration and Memorandums of Points and Authorities." (Doc. 37)

Notwithstanding that Plaintiff was forewarned that he "must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure" and that "[f]ailure to comply may result in dismissal of this action," Plaintiff failed to comply. Plaintiff was further warned that if he failed "to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(a district court may dismiss an action for failure to comply with any order of the Court)."

Plaintiff appears to argue inadvertence for failing to timely file a notice of change of address and appear for the noticed deposition.

The Court will allow the less harsher of the sanctions requested by Defendants, and order Plaintiff to comply with a properly noticed deposition.

A review of the docket also reflects a lodged untimely "First Amended Complaint Civil Rights Action, Pursuant to Title 42 United States Code Section § 1983, No Jury Demand Pursuant to Rule 38, Federal Rules of Civil Procedure" submitted by Plaintiff on February 22, 2011. The lodged pleading fails to meet the procedural requirements for filing an amended pleading; nor did Plaintiff file a request for leave. Absent leave of Court to file an amended pleading, Rule 15(a)(2), Fed.R.Civ.P., the pleading shall be ordered stricken.

Defendants' Ex Parte Application for Vacation of Scheduling Order (Doc. 36) shall be granted, and the remaining deadlines will be reset.

In regard to Plaintiff's requests for appointment of counsel, there is no constitutional right to the appointment for counsel in a civil action. See *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). A court may however, request an attorney to represent any person unable to afford one under 28 U.S.C. § 1915(e)(1) when "exceptional circumstances" exist. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination of whether exceptional circumstances exist requires an evaluation of the

1 likelihood of success on the merits as well as the ability of the Plaintiff to articulate his
2 claims pro se in light of the complexity of the legal issues involved. *Id*. However, "'neither
3 of these factors is dispositive and both must be viewed together before reaching a decision."
4 *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

5     Upon review of these elements, the Court does not find exceptional circumstances
6 present in this action to require the appointment of counsel, and notes that the Plaintiff is in
7 no difference position than other pro se prisoner litigants.

8     Based on the foregoing,

9     IT IS ORDERED that the Defendants' Motion to Compel and Motion for Sanctions
10 (Doc. 29) is GRANTED in part and DENIED in part

11     IT IS FURTHER ORDERED that the Court's Scheduling Order is AMENDED as
12 follows:

13     A. If they so choose, counsel for Defendants shall depose Plaintiff, at Defendants'
14 expense, on or before September 25, 2013.

15     **IT IS FURTHER ORDERED** the following deadlines shall govern this action:

16     A. The parties shall disclose a **witness list** on or before September 13, 2013. On or
17 before that date, the parties are directed to exchange their complete list of witnesses.

18     B. All **discovery**, including depositions of parties (other than the Plaintiff), witnesses
19 and experts shall be completed by **October 25, 2013**. No discovery shall take place after that
20 date without leave of Court upon good cause shown.

21     C. **Dispositive motions** shall be filed on or before **November 25, 2013**.

22     1. If a party seeks oral argument on a motion, he shall request it at the time the
23 motion or responses are filed. See L.R. 78-230(g).

24     2. Pursuant to L.R. 78-230(l), the parties may file a motion, response, and
25 reply. No additional briefing on a motion is allowed unless leave of Court is granted.
26 Failure to file a response may be deemed a consent to a granting of the motion. A
27 response must be served and filed within (twenty-one) 21 days of service on the
28 motion; the moving party has seven (7) days from service to serve and file a reply.

Rule 56 motions for summary judgment and Rule 12(b)(1) motions to dismiss provide an exception to the above time limits: the time for a response is (forty-five) 45 days and the time for a reply is (twenty) 20 days. Unless otherwise permitted by the Court, a motion or response, inclusive of supporting memorandum but exclusive of attachments and statement of facts, shall not exceed 17 pages; a reply shall not exceed 11 pages.

3. Any pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents. The exhibits must be indexed with tabs that correspond to the Table of Contents. Absent exigent circumstances, the Court will not consider pleadings which do not conform to these requirements.

4. The Ninth Circuit Court of Appeals requires the Court to provide pro se prisoners with notice of the requirements of Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). Similarly, the Ninth Circuit has required notice be provided when a motion to dismiss has been filed. See Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). If a motion for summary judgment or a motion to dismiss is filed, the Court will provide Plaintiff with the appropriate notice at that time.

D. The parties are directed to submit a joint status report regarding settlement by **November 15, 2013**. The letter shall contain no specific terms of settlement proposals.

E. Parties and counsel shall file a **Joint Proposed Pretrial Order** within **thirty (30) days after resolution of the dispositive motions** filed after the end of discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **November 25, 2013**. The content of the proposed pretrial order shall include, but not be limited to, that prescribed in the **Form of Pretrial Order** attached hereto.

If the parties and counsel are unable to prepare a joint proposed pretrial order, a separate proposed pretrial order shall be submitted to the Court accompanied by a statement why the preparation of the joint proposed pretrial order could not be completed through written correspondence.

F. Any motions in limine shall be filed and served upon each party with the proposed order. Any opposition shall be filed and served within ten (10) days.

    1. Pursuant to Federal Rule 37(c), the Court will not allow the parties to offer any exhibits, witnesses or other information that were not previously disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure or not listed in the Proposed Pretrial Order, except for good cause.

G. Motions for extensions of any of the deadlines set forth above shall be filed prior to the expiration of the deadline. The schedule set forth in this Order may only be modified with leave of Court and upon a showing of good cause. See Fed.R.Civ.P. 16(b); Johnson v. Mammoth Recreation, Inc., 975 F.2d 604 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond scheduling order deadline).

Additionally, any motion for continuance of a discovery deadline, including a stipulation, shall set forth specifically what discovery has been conducted to date, the discovery to be completed, and the reasons why discovery has not been completed within the deadline. Although L.R. 6-144(a) permits an initial stipulation to extend deadlines without approval of the Court, the Court advises the parties that any requested extensions or stipulations submitted in this case will require approval of the Court.  This order contemplates that each party will conduct discovery in such a manner to complete, within the deadline, any and all discovery.  "Last minute or eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

The parties should note that willful failure to comply with any of the terms of this Order, the Federal Rules of Civil Procedure or other applicable rules may result in dismissal of this action without further notice to Plaintiff, or sanctions upon Defendants. Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992), cert. denied, 506 U.S. 915 (1992). Plaintiff is cautioned to comply with all applicable rules of civil procedure; his pro se status will not excuse his noncompliance. King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).

1    IT IS FURTHER ORDERED that Plaintiff's request and Ex-Parte motion for Appointment of Counsel (Doc. 37) is DENIED;

    IT IS FURTHER ORDERED that Plaintiff is again forewarned of possible dismissal if he fails to timely comply with every provision of this Order, including these warnings, and that the Court may dismiss this action without further notice.

    IT IS FURTHER ORDERED that all other pending matters (Docs. 30, 31) are DENIED as moot.

    DATED this 25th day of July, 2013.

*Frank R. Zapata*
Frank R. Zapata
**Senior United States District Judge**